# United States Court of Appeals for the Fifth Circuit

---

No. 24-10736
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon Lopez-Villegas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-99-1

---

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In April 2024, Brandon Lopez-Villegas pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. According to the presentence report, Lopez-Villegas had two prior adult convictions, including a conviction for illegal reentry in August 2022. The district court overruled Lopez-Villegas's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

objection to a prior-felony sentencing enhancement and sentenced him to 30 months' imprisonment and three years of supervised release.

On appeal, he renews his argument that the statutory sentencing enhancement in § 1326(b) is unconstitutional. In his view, it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.

As Lopez-Villegas correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See, e.g.*, *United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019) (recognizing *Almendarez-Torres* "controls this issue"); *Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Regardless of the Supreme Court's supposed signaling—or as Lopez-Villegas characterizes it, *Almendarez-Torres* "teetering on the brink of being overruled"—the Supreme Court has not yet overruled the case. Lopez-Villegas raises this issue to preserve it for further review. And accordingly, the Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a brief.

Because Lopez-Villegas's only argument on appeal is foreclosed, summary affirmance is appropriate. *See, e.g.*, *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *United States v. Salgado*, No. 23-10937, 2024 WL 1429412, at *1 (5th Cir. Apr. 3, 2024) (granting summary affirmance for case challenging *Almendarez-Torres*); *United States v. De La Rosa-De La Cerda*, No. 22-10952, 2023 WL 3179217, at *1 (5th Cir. May 1, 2023) (same). We GRANT the motion for summary affirmance, DENY as

No. 24-10736

moot the alternative motion for an extension of time, and AFFIRM the judgment of the district court.